# IN THE
# UNITED STATES COURT OF APPEALS
# SECOND CIRCUIT

# ACLU v CLAPPER

## CASE 14-42

(Name of defendant or defendants)

John Stritzinger, Movant
ACLU, Respondent.

## MOTION TO APPEAR PRO HAC VICE

Comes now, Movant, John Stritzinger, would like to join this cause as has material arguments to the courts decision as attached in the enclosed brief. Movant has more than ten years of litigation experience including Texas District and Appellate Actions, Federal District Court, and Federal Appellate Actions including pending issues in the Fifth Circuit Court of Appeals.

In Support Movant offers the attached brief which (although presented beyond the original arguments in this cause) has taken into consideration the current briefs in front of the court. It offers some additional arguments for the court to consider related to search, metadata, and mobile computing and offers a different mechanism for enforcement than presented in the government's discussion on call records.

Movant is an expert on telecommunications with more than thirty years of experience and believes that metadata information solutions should be regulated services under the Telecommunications Act, and not unregulated Information Services due to security concerns which allows for location based services to be disabled in times of emergencies using network and not device level controls.

The following was served this day to the ACLU, and the United States Government.

# IN THE UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

ACLU v CLAPPER

14-42

"A BRIEF IN SUPPORT OF PETITIONERS MOTION TO JOIN"

By

John S. Stritzinger

# I. Statute and Precedent

## Federal Law and Statue
- First Amendment to the US Constitution
- Second Amendment to the US Constitution
- Fourth Amendment to the US Constitution
- Fifth Amendment to the US Constitution
- Telecommunications Act of 1996
- Patriot Act

## Cases

- United States Supreme Court - US v Jones (2012)
- United States Supreme Court - US v Knotts (1983)
- Klayman v Obama (DC District 13-0851)

# II. ISSUES Before the Court

1) Benefits of Movant Joining the Cause?

2) Is the current definition of Metadata sufficient to the arguments before the court?

3) Is the Fourth Amendment the appropriate Standard or should the court consider the Fifth Amendment as well?

4) Is the discussion Moot due to previous United States Supreme Court Mandates?

5) Should Metadata Solutions be regulated services under the US Telecommunications Act?

# III. FACTS

1) Movant has followed the briefs filed in this cause from the ACLU, and the US Government under this cause.

2) Movant believes the ACLU is arguing under a Fourth Amendment Context, but believes a Fifth Amendment Due Process argument is just or more relevant. (It also related to US State Jurisdictions as well including Texas) as one or more parties involved in these proceedings can be subjected to enforcement actions without a trial.

3) Movant believes that access to metadata starts with the presumption of guilty, versus a presumption of innocence – IE law enforcement officers are "searching for enforcement actions" which is not credible from phone records alone unless calls are terminating to other Federal parties of interest (See Patriot Act)

4) Instead, Movant believes that probable cause is best determined by individuals acting inappropriately in respect to national security information or security targets which are best determined by metadata location aware tools, not phone records. Call records would likely be a secondary search following the determination of probable cause related to the former except for the previous caveat. (Stritzinger v Verizon)

5) Movant is a former employee of Verizon, and other United States GSA contractors under Networx with more than twenty five years of IT experience.

6) Movant is developing metadata solutions on his own or with Verizon subject to another cause in the Fifth Circuit (Stritzinger v Verizon) which have been impacted by a ruling in Klayman v Obama.

7) Movant has been subjected to US Patriot Act Enforcement actions after failing to come to agreement with Verizon on issues which are sensitive to classified which originated out of the Federal government. (Movant believes that his cause is a misuse of the current enforcement apparatus which was not considered under the law – Stritzinger v Verizon)

8) Movant would like the court to strike provisions of the Patriot Act in regards to record sharing between departments as he believes they are not necessary if a common repository of metadata records is maintained by some other Federally regulated institution which is not part of the enforcement arm of the US government. (For example if the US Military can run its own reports ad-hoc there is no restriction to their activities) – (Stritzinger v Verizon)

9) Movant believes the Fifth Amendment and Due Process are the appropriate complaints as a clandestine order against another US citizen in either a state or Federal context is a Due Process complaint. (Patriot Act)

10) Movant believes that Metadata solutions for computer forensics and enhanced location services should be regulated telecommunications services, and not information services under the Telecommunications Act of 1996 as the federal government told him while a Verizon employee that they have created risk for Federal protective subjects including members of congress.

# IV. Arguments

### I. Benefits of Movant Joining the Cause?
Movant believes he is an expert on telecommunications marketing, engineering, and delivery with US prime government contractors and can help the US court systems refine its approach to metadata systems.

### II. Is the current definition of Metadata sufficient to the arguments before the court?
No. Metadata solutions involving only call records are not sufficient to determine the cause. Any material electronic trace which can be stored on a mobile device are also material.

### III. Is the Fourth Amendment the appropriate Standard or should the court consider the Fifth Amendment as well?
Movant believes the Fourth Amendment is not relevant IF the government has a third party metadata storage location, and the United States Supreme Court Mandate in US v Jones is enforced. Movant believes the Fifth Amendment is more relevant as the names subjected to the enforcement actions after being added to the "watch lists" maintained by the Army, are effectively being deprived of all human rights by the enforcement teams of the Federal Government.

### IV. Is the discussion Moot due to previous United States Supreme Court Mandates?
Yes. Movant believes that because the court is using the wrong definition it allowed an argument which should have been dismissed. Movant believes US v Jones decided the cause. For the same reason he believes the DC Appellate court should dismiss the cause in Klayman v Obama unless Mr. Klayman can offer evidence he or his related parties have been harmed via a presumption of guilt, rather than innocence, or inappropriate actions by enforcement teams of the US government.

### V. Should Metadata Solutions be regulated services under the US Telecommunications Act?

Yes. Movant believes that all services involving computer forensics, location services, or the Patriot Act should be regulated services under the Telecommunications Act. This would prevent companies from developing solutions which would qualify as arms under the Second Amendment or deprive someone of free speech under the First Amendment. Movant has been told that this is a primary concern of the national security team along with private enterprises with protective services requirements including defense contractors, and US multi-national corporations.

# V. Extended Argument

## Comments on current litigation

(i) *Movant believes that the litigation is Moot as Congress has already passed the Patriot Act which includes computer forensics analysis*. A mobile device is a computer and therefore the definition of metadata used by the court in this cause is dated. (ii) *Movant believes the current litigation in this cause is Moot* as issues in regards to Metadata has already been decided by the United States Supreme Court (US v Knotts, and US v Jones). (iii) *Movant believes the current litigation is no longer relevant to the systems capabilities of the global service providers* as metadata actually includes all digital records available on either home or mobile devices and is already considered by Item (i), and (ii). (iv) *Movant believes that the litigation is Moot, as US Surveillance courts can sign orders which exceed the definition of call records*, and the US Patriot Act authorizes full computer forensics capabilities as part of the law. A mobile phone includes logs of both call records, and computer records just like a home PC. (v) *Movant believes that the current litigation is Moot*, as Movant doesn't believe that a reasonable request offered by the US Military or DHS would be denied by a simple standard of probable cause (See Jones).

Due to the previous arguments, Movant believes that in regards to this cause, and the related cause in Klayman v Obama, Movant believes they should be eventually dismissed once the court provides its opinion on the open issues which are defined below or the parties can identify harm which was delivered as a result of metadata collection. Movant believes it is more likely that harm comes from secondary actions of being added to a list in the first place, rather than the simple collection and analysis of data. For example how many parties have been added to surveillance lists as a result of the collection of the records in the first place is material, while the records themselves are not.

Due to metadata solutions being relevant to every legal jurisdiction in the world, likely the open issues below will likely reach the US Supreme Court as well. Movant and Verizon have developed a significant amount of intellectual property in these areas which is in dispute in other litigation.

## Open Issues from US v Knotts, and US v Jones

Movant believes that aside from the previous questions, the Knotts, and Jones rulings did not discuss the following points which are material to metadata solutions:

a.  The court did not discuss concerns with the location of metadata records( but the Federal District Court essentially signed an order Authorizing the Army to keep this information). Under the Patriot act, an enlisted man with access to this information can deprive any other US citizen subjected to such collection to an enforcement action via a non US magistrate unknown to the public, and un-elected. That same enlisted man technically could email the same data to every single person in the Federal Government and be free from prosecution.

b.  The court did not discuss the implications of sharing of metadata records between US Federal Agencies (which leads to a jury trial of all Federal employees without the ability to defend oneself – Due Process Issue - Fifth Amendment Violation).

c.  The court did not discuss a modern definition of metadata to include all mobile device forensics.

d.  The court did not discuss streamlining the requests of DHS, and the Military to US Surveillance courts so that the legislation created by congress, and discussed under previous Supreme Court Mandates could be more effective rather than the standard listed above. For example a base commander in Norfolk could pull his own reports from a Federal repository, and identify his own subjects, rather than some unknown analyst in another part of the country. I recommend either an "ARIN Like" company, or the US Treasury Department maintain this information and not the FBI.

e.  The court did not discuss the needs of the US to have a single record repository for use with consumers of metadata records (which movant believes should not be the FBI, or the US Military). (See "D") Movant has asked the Fifth Circuit to do just that either on his own or in conjunction with US prime Federal contractors via reciprocal agreements for location and security services.

f.  The court did not discuss the needs of the US to provide bulk location services capabilities using regulated uses of "Location" similar to "Local Number Portability" or LNP databases for location services information.

g.  The court did not discuss that Congress authorized Federal enforcement officers including themselves to harm any other US individual by simply authorizing Patriot Act enforcement procedures against another party. Movant doesn't believe congress was aware that in some cases watchlists were also included for protective services actions.

For families with members in DHS, the Federal Judiciary, and Congress we have now allowed them full power over every other citizen without a trial. Furthermore NSA representatives are not magistrates as defined by the Fourth Amendment. For that reason, Petitioner believes that the entire Patriot Act should be struck as its completely unnecessary due to previous district court rulings, and the United States Supreme Court mandates.

h.  The court did not discuss that once the power of the Patriot Act is invoked, that even the lowest member of the Federal Government could potentially have every material fact and personal information about someone outside of the Federal government who was subjected to the law. Movant has been told that in some cases in parts of the country our

internal security was so poor that people were added to the list to protect them, not the intent of the law. (including himself). This puts the US government back in a position of McCarthyism of using the Patriot Act to extend funding for Federal protective services.

i. The ACLU in its definition is insufficient as a single mobile device with an altimeter and GPS tracking can keep evidence of exactly where you are in your house( including your bedroom) a much more pervasive definition than call records if we allow carrier wireless signals to penetrate the walls of our home.

j. Furthermore, the court and the parties should consider that a mobile device attached to a network via subpoena should consider the implications of "What if this device can talk, and provide evidence in a court of law, what would it say about me?". As if that device is "imaged" every single second of every single day could be reported on in great detail which the Supreme Court noted in Jones, and Knotts. Other considerations are provided in Movant's cause with Verizon.

# VI. Prayer

Movant prays the court will provide its opinion on the issues presented in this cause including the open issues related to the previous United States Supreme Court proceedings. Movant prays once the court provides its opinion it seek to consolidate these under a single metadata mandate in US v Jones (2012), giving the Supreme Court the authority to enforce all actions related to metadata solutions in the United States without exception.

Movant prays the court will allow him to join the cause and file a brief. Movant believes he can do so within two weeks of such authorization which will not cause harm to either party. Movant has already requested a similar authorization from the NY District Court and has a draft already written.

Movant believes that if he is allowed to join the cause, he would discuss these points via an extended brief, and ask this court and the US Supreme Court via certified questions to clarify its previous positions on these matters under its previous judgment in US v Jones(2012). Movant believes this will keep needless litigation out of the trial courts for the foreseeable future. Otherwise it is likely each and every one of the open points would be tried and retried in state and Federal jurisdictions without benefit to the American people and eventually the global community. Movant believes that global standards for metadata solutions are within reach within one year if the court clarifies these solutions and makes them regulated services. As of the present location based services are undefined in regards to the law for consumer, and enterprise uses.