

# U.S. Department of Justice

Civil Division, Appellate Staff
950 Pennsylvania Ave. NW, Rm. 7256
Washington, DC 20530

Tel: 202-514-3180

VIA CM/ECF

August 31, 2015

Ms. Catherine O'Hagan Wolfe
Clerk, United States Court of Appeals
 for the Second Circuit
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

RE:     *ACLU* v. *Clapper*, No. 14-42

Dear Ms. Wolfe:

The Foreign Intelligence Surveillance Court has issued another primary order authorizing the Section 215 bulk telephony metadata program. *In re Application of the Federal Bureau of Investigation for an Order Requiring the Production of Tangible Things*, No. BR-15-75 (Aug. 27, 2015) (attached). The FISC published this declassified version of the primary order on August 28, 2015.

The primary order provides that queries "may occur by manual analyst query only." Order at 11. This authorization stands in contrast to the April 2013 primary order that is in the Joint Appendix, which authorized queries of the Section 215 database either "by manual analyst query" or through an "automated query process," creating a supposed "corporate store" of query results. JA 136-37, 142. Plaintiffs rely on that now-superseded language in the primary order to suggest mistakenly that the government has a "second set" of call records in a

database that "comprises the subset of call records returned as query results." Reply Br. 3. In fact, while the FISC once authorized creation of a corporate store, the NSA's "automated query process has not been implemented." Privacy and Civil Liberties Oversight Board, *Recommendations Assessment Report* 5 (Jan. 27, 2015).

The primary order also addresses the circumstances in which the government may access the historical metadata after the program expires by statute on November 28, 2015. It provides that "after November 28, 2015, the Government shall not access the BR metadata for intelligence analysis purposes." Order at 4. As the order explains, the government has requested authority to retain the metadata after November 28, 2015, for two purposes: first, to comply with its litigation-preservation obligations; and second, until February 29, 2016, "to verify the completeness and accuracy of call detail records produced under the targeted production orders authorized by the USA FREEDOM Act." *Id.* at 13. The FISC took under advisement the government's request to retain the historical metadata for those limited purposes.

Sincerely,

/s/ Henry C. Whitaker
Attorney

cc:     all counsel (via CM/ECF)