

**U.S. Department of Justice**

Civil Division, Appellate Staff
950 Pennsylvania Ave. NW, Rm. 7256
Washington, DC 20530

Tel: 202-514-3180

VIA CM/ECF

August 31, 2015

Ms. Catherine O'Hagan Wolfe
Clerk, United States Court of Appeals
 for the Second Circuit
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

RE:     *ACLU* v. *Clapper*, No. 14-42

Dear Ms. Wolfe:

On August 28, 2015, the D.C. Circuit vacated a district court's order imposing a preliminary injunction against the operation of the Section 215 bulk telephony-metadata program.

The panel issued three separate opinions, but the panel was unanimous in concluding that plaintiffs had presented insufficient evidence that the government had collected metadata about their calls to demonstrate a likelihood of success on the merits. Judge Brown's opinion highlighted that plaintiffs were subscribers of Verizon Wireless, whereas the only participant in the Section 215 program that has been officially acknowledged is Verizon Business Network Services. Op. 2 (Brown, J.). In contrast, two of the plaintiffs in this case, as Judge Williams noted, were subscribers of VBNS. *See* Op. 1, 3 (Williams, J); *see* JA 24.

Judge Williams and Judge Sentelle refused to infer plaintiffs' standing from the alleged breadth of the Section 215 bulk telephony metadata program.  Judge Williams observed that the government "has consistently maintained that its collection 'never encompassed all, or even virtually all, call records, and does not do so today,'" and he noted that the government has not acknowledged the identity of additional telecommunications carriers who participate in the program because that information remains classified.  Op. 2-3 (Williams, J.); *see also* Op. 1-2 (Sentelle, J.).  Judge Williams and Judge Sentelle therefore believed that *Clapper* v. *Amnesty International*, 133 S. Ct. 1138 (2013), foreclosed plaintiffs' claim to standing because it was purely speculative whether the government had collected information about plaintiffs' calls.

The panel nonetheless remanded the case to the district court for the latter to decide whether limited jurisdictional discovery on the issue of standing was appropriate, recognizing that "[p]laintiffs' claims may well founder" in the face of "the government's privileged control over certain classes of information."  Op. 5 (Brown, J.); *see* Op. 6-7 (Williams, J.).

Judge Sentelle partially dissented.  He would have remanded with instructions to dismiss for lack of standing.

               Sincerely,

               /s/ Henry C. Whitaker
               Attorney

cc:    all counsel (via CM/ECF)